**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

**JONELLE HEPBURN,**

**Plaintiff,**

**v.**

**GOVERNMENT OF THE U.S. VIRGIN ISLANDS and AVERIL GEORGE, in her official capacity as Commissioner of the Virgin Islands Department of Human Services,**

**Defendants.**

**Case No. 1:26-cv-0028**

# ORDER

**BEFORE THE COURT** is *pro se* Plaintiff Jonelle Hepburn's Motion for Emergency Mandatory Injunction (motion or Mot.) (Dkt. No. 3), filed November 3, 2026. The Court construes the said motion as a motion for temporary restraining order ("TRO") and for preliminary injunction filed pursuant to Federal Rule of Civil Procedure 65. The Court finds that Plaintiff, Jonelle Hepburn, has made a sufficient showing that, unless her motion for TRO is granted, she will sustain immediate and irreparable injury before there is an opportunity to hear from all parties. Therefore, a TRO, without notice to Defendants, is justified to preserve the status quo pending a hearing. *See* Fed. R. Civ. P. 65(b)(1). Accordingly, the Court will grant Plaintiff's motion.

It is well established that a motion for temporary restraining order should be granted only if the plaintiff establishes the following: "(1) a likelihood of 'success on the merits,' (2) a likelihood that the moving party will "suffer irreparable harm,' (3) that the 'balance of equities' weighs in the moving party's favor, and (4) that injunctive relief is in 'the public interest.'" *Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 178 (3d Cir. 2018) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).[1]

[1] Although the *Osorio-Martinez* court articulates the standard for granting a preliminary injunction, the "standard for issuing a temporary restraining order and a preliminary injunction is the same." *Keene v. Cheeks*, Civ. No. 25-7375 (SDW) (LDW), 2026 U.S. Dist. LEXIS 13949, at *8 (D.N.J. Jan. 26, 2026) (citing *Mirashi v.Doe*,

Based upon the evidence provided, the Court finds Plaintiff was certified to receive federal Supplemental Nutrition Assistance Program (SNAP) benefits until November 1, 2026. Mot. at 2. By correspondence dated August 19, 2026, Plaintiff was notified that she "is no longer eligible for SNAP benefits" and that this change in benefits would begin "on September 01, 2026 . . . ." Exhibit E attached to Complaint (Dkt. No. 1-7). Plaintiff sent a written request for a "fair hearing" to review the decision to terminate her benefits. Mot. at 2 and Exhibit A attached to the Complaint (Dkt. No. 1-3).

As provided by Section 273.15 of Title 7 of the Code of Federal Regulations, "[E]ach State agency shall provide a fair hearing to any household aggrieved by any action of the State agency which affects the participation of the household [sic] in the Program." 7 C.F.R. § 273.15(a). The regulation also provides:

> If a household requests a fair hearing within the period provided by the notice of adverse action, as set forth in § 273.13, and its certification period has not expired, the household's participation in the program shall be continued on the basis authorized immediately prior to the notice of adverse action, unless the household specifically waives continuation of benefits. The form for requesting a fair hearing shall contain space for the household to indicate whether or not continued benefits are requested. If the form does not positively indicate that the household has waived continuation of benefits, the State agency shall assume that continuation of benefits is desired and the benefits shall be issued accordingly.

7 C.F.R. § 273.15(k)(1). Plaintiff claims that despite her timely request for a fair hearing, her benefits were terminated and not continued, in direct violation of the regulations. Mot. at 1-2. Further, despite the regulations requiring "timely action on hearings," 7. C.F.R. § 273(c) (either 60 days or 45 days), no hearing has been held or even scheduled. Mot. at 2-3.

Thus, the Court finds that Plaintiff has made a sufficient showing that Defendants have failed to comply with their obligations under the federal regulations and that Plaintiff has a reasonable probability of success on the merits of her claims. The Court also finds that Plaintiff will sustain immediate and irreparable injury absent injunctive relief in light of the termination of her SNAP benefits and failure to continue her benefits pending a fair hearing.

---

No. 25-1805, 2025 U.S. Dist. LEXIS 54141, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025) (*citing Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017))).

In balancing the harms, the Court finds that a TRO will impose relatively little burden on Defendants while ensuring a lawful and fair due process. As the United States Supreme Court has held, "a government violates the Takings Clause when it takes property without compensation . . ." *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 202 (2019). Because this matter involves substantial constitutional rights, the Court also finds that public interest weighs in favor of immediate injunctive relief.

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Plaintiff – as movant – must provide security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Under the circumstances of this case, the Court exercises its discretion and waives the surety requirement.

Accordingly, it is hereby

**ORDERED** that Plaintiff Jonelle Hepburn's Motion for Emergency Mandatory Injunction, Dkt. No. 3, filed November 3, 2026, construed as a motion for temporary restraining order, is **GRANTED**; it is further

**ORDERED** that Defendants, their agents, and anyone acting in concert or participation with Defendants are hereby **ENJOINED, PROHIBITED, and PRECLUDED** for 14 days from the date of this Order from terminating Plaintiff's SNAP benefits and **SHALL REINSTATE IMMEDIATELY** such benefits **RETROACTIVE** to September 2026; it is further

**ORDERED** that an evidentiary hearing on the motion for preliminary injunction, Dkt. No. 3, is set for **9:00 a.m., Thursday, November 19, 2026**, in St. Croix Courtroom 1, before the undersigned; it is further

**ORDERED** that, by no later than **November 16, 2026**, each party shall file their respective witness lists and proposed lists of exhibits; it is further

**ORDERED** that the parties shall, no later than **November 16, 2026,** submit electronic copies of all exhibits to the Clerk's Office via BOX, a secure online file sharing program.

Counsel are directed to contact the Clerk's Office to obtain access to the trial folder;[2] and it is further

**ORDERED** that the Clerk's Office shall serve both Plaintiff and the Attorney General of the Virgin Islands with a copy of this Order via email and via certified mail, return receipt requested and note such service in the docket**.**

Pursuant to Fed. R. Civ. P. 65(b)(2), this Temporary Restraining Order was issued on November 10, 2026, at 10:48 a.m.

**Dated**: November 10, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**

[2] The parties are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. Plaintiff's hearing exhibits shall be labelled sequentially beginning with Plaintiff's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A. The parties are reminded that all exhibits must be presented in electronic format and that hard copies of exhibits will be allowed only upon a showing of extenuating circumstances.